101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Alberto QUINONES, Petitioner-Appellant,
v.
R.J. MCCLELLAN, Superintendent, Respondent-Appellee.
 No. 95-2054.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for Appellant: Sheryl Gross-Glaser, Brooklyn, New York.
 Appearing for Appellee: Stephen Muller, Assistant District Attorney, Bronx County, New York.
 S.D.N.Y.
 AFFIRMED.
 Present: HONORABLE ELLSWORTH A. VAN GRAAFEILAND, HONORABLE THOMAS J. MESKILL, HONORABLE RALPH K. WINTER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Alberto Quinones appeals from Judge Haight's order dismissing his pro se petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. On appeal Quinones's sole substantive claim is that he received ineffective assistance of counsel because his attorney had a conflict of interest. This claim is without merit, and we affirm the order of the district court.
 
 
 4
 In support of his ineffective assistance claim, Quinones moves this court to expand the record and consider an affidavit not part of the record below. Although an evidentiary submission on appeal is not generally permissible, we have examined the affidavit as though it were an allegation in his petition and conclude that it does not affect the outcome.
 
 
 5
 Quinones raises three bases for his claim that his trial counsel was ineffective due to a conflict of interest: (i) his attorney had a previous business relationship with his co-defendant; (ii) his attorney represented his co-defendant at an early stage in the proceedings; and (iii) his attorney was paid by his co-defendant. Quinones argues that these factors indicate an actual, as opposed to potential, conflict of interest, and that, as a result, he need not show prejudice. See Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980) (where trial lawyer operated under an actual conflict of interest, petitioner need not demonstrate prejudice). However, we find nothing in Quinones's petition or in the affidavit indicating how his interests and his attorney's interests diverged. See Winkler v. Keane, 7 F.3d 304, 307 (2d Cir.1993), cert. denied, 114 S.Ct. 1407 (1994) (petitioner must demonstrate actual divergence of interests on a material issue); United States v. Jones, 900 F.2d 512, 519 (2d Cir.) (mere allegations of facts which, if true, would amount to conflict of interest insufficient to demonstrate actual conflict), cert. denied, 498 U.S. 846 (1990); see also United States v. Salerno, 868 F.2d 524, 540-41 (2d Cir.) (no actual conflict of interest where defendant's trial attorney previously represented former co-defendant and allegedly made investments in, and had performed legal work for, a company in which the former co-defendant had an interest), cert. denied, 493 U.S. 811 (1989). At best, Quinones's allegations constitute only a potential conflict of interest.
 
 
 6
 In order for potential conflict to constitute grounds for habeas relief, Quinones must demonstrate that as a result of the conflict the attorney's conduct fell below objective standards of reasonableness, and that this conduct resulted in prejudice. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Quinones alleges the following instances of his lawyer's deficient performance: trial counsel (i) refrained from plea negotiations; (ii) failed to advise Quinones to take the stand; (iii) failed to join in the request by co-counsel for Brady material and for a jury instruction on asset forfeiture; (iv) objected to testimony which Quinones alleges would have helped him; (v) failed to exploit the fact that one of the victims had been beaten; and (vi) failed adequately to cross-examine certain witnesses. Each of these claims is baseless.
 
 
 7
 First, the failure to pursue a deal for Quinones does not amount to ineffective assistance where there is no evidence in the record that the government would have been willing to offer a deal. See Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir.1993) (counsel is not obligated to recommend plea bargaining and failure to do so is not ineffective assistance), cert. denied, 114 S.Ct. 1088 (1994); Smith v. Regan, 583 F.2d 72, 76 (2d Cir.1978) (failure of joint counsel to negotiate separate plea bargain does not constitute deficient performance where there is not "the slightest indication that such a bargain might have been obtained" by separate counsel). Second, any failure to advise Quinones to testify falls "squarely within the ambit of trial strategy" and thus cannot be grounds for an ineffective assistance claim. See United States v. Eisen, 974 F.2d 246, 265 (2d Cir.1992) (internal quotation marks and citations omitted), cert. denied, 507 U.S. 1029 (1993). Third, Quinones's lawyer had no reason to involve himself in requests by co-defendant's counsel for Brady material and particular jury instructions, where some of the material sought could have implicated Quinones and where co-counsel was handling the requests competently. Fourth, Quinones's argument that his lawyer erroneously objected to witness statements that were beneficial to his case is meritless in light of the fact that the objection was overruled. Fifth, counsel's failure to exploit evidence that one of the victims had been beaten is not unreasonable because it is unclear what use the attorney could have made of this fact. Sixth, trial counsel's failure to extensively cross-examine certain witnesses constitutes an unchallengeable strategic decision. See Eisen, 974 F.2d at 265; United States v. Bardi, 750 F.2d 1169, 1182 (2d Cir.1984) (where co-counsel vigorously cross-examines witness, failure of petitioner's attorney to cross-examine same witness at great length cannot be labeled ineffective), cert. denied sub. nom. Benfield v. United States, 472 U.S. 1019 (1985).
 
 
 8
 In sum, nothing in the record indicates that Quinones's attorney pursued a litigation strategy inconsistent with Quinones's interests. Thus, even when considering the affidavit, Quinones's claim of ineffective assistance of counsel is without merit.
 
 
 9
 We have examined Quinones's other claims and find them to be meritless. We therefore affirm. The motion to make the affidavit part of the record is denied as moot.